## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**WESTON SPECIALTY INSURANCE COMPANY**        **CIVIL ACTION NO.**

**VERSUS**        **21-491-JWD-EWD**

**BOBBY VAUGHN AND JENNIFER MILLER**

### ORDER

Although more than two years have passed since the Court gave Plaintiff Weston Specialty Insurance Company ("Weston") additional time beyond the initial 90-day period provided under Fed. R. Civ. P. 4(m) to file proof of service on the defendants into the record, Weston never responded in any manner to the Court's Order.[1] Accordingly, Weston's claims against Defendants Bobby Vaughn and Jennifer Miller will be dismissed without prejudice on the Court's own motion for failure to timely effect service under Fed. R. Civ. P. 4(m) and Local Civil Rule 41(b)(1)(A).[2]

### I.    BACKGROUND

Weston issued a contents policy to Bobby Vaughn for property located in Pine Grove, Louisiana that was damaged by fire on October 26, 2020.[3]  Weston filed a Complaint for Declaratory Judgment on August 25, 2021, seeking an adjudication of its right to conduct an in-person Examination Under Oath (EUO) of Vaughn and his sister, Jennifer Miller, pursuant to the terms of the Weston policy.[4]  Vaughn and Miller were named as defendants in the lawsuit, which was filed in federal court based on diversity jurisdiction.[5]

---

[1] R. Doc. 23.

[2] Fed. R. Civ. P. 4(m) permits *sua sponte* dismissal for failure to timely serve a complaint.  *See also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

[3] R. Doc. 1, ¶¶ 5-8.

[4] R. Doc. 1, ¶¶ 13-17.

[5] R. Doc. 1, ¶ 3.  The Complaint alleges that Vaughn and Miller are domiciled in Louisiana (R.Doc. 1, ¶ 2), that Weston is a Florida corporation with its principal place of business in Florida (R. Doc. 1, ¶ 3), and that the amount in controversy exceeds $75,000 as defendants claimed a loss of personal property of more than $100,000.00 under the policy.  R. Doc. 1, ¶ 4.

Summonses were issued to the defendants on October 12, 2021.[6]  No service information was filed into the record for either defendant, nor had either defendant appeared, more than 90 days after the Complaint was filed.   On January 4, 2022, the Court issued an Order directing Weston to show cause why its claims should not be dismissed pursuant to Local Rule 41(b)(1)(A) and (B), which allow the Court to dismiss a civil action for lack of prosecution where no service of process has been made within 90 days after the filing of the Complaint or where no responsive pleadings have been filed or no default has been entered within sixty days after service of process.[7]

Weston filed a response indicating it had retained a private process server, but the process server was unable to locate the defendants at the address obtained by Weston.  Weston therefore requested an extension of time to locate the defendants.[8]  On January 13, 2022, the Court gave Weston until February 11, 2022 to file adequate proof of service for the defendants into the record. Weston was expressly warned that, "[f]ailure to do so may result in dismissal of this action."[9] Weston never responded to the Court's Order.  The last action taken in the case is the Court's January 13, 2022 Order.

## II.     LAW AND ANALYSIS

Fed. R. Civ. P. 4(m) provides for the dismissal of an action without prejudice if a plaintiff fails to serve the defendants within 90 days of the filing of the complaint.  However, if a plaintiff shows good cause for the failure to serve the defendants within the 90-day period, the court must extend the time for service for an appropriate period.  "Good cause" requires "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of

---

[6] R. Doc. 7.
[7] R. Doc. 20.
[8] R. Doc. 22.
[9] R. Doc. 23.

counsel or ignorance of the rules usually does not suffice."[10]  Good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.[11]  If the plaintiff fails to show good cause, the court may, in its discretion, dismiss the case without prejudice or grant a further extension of time.[12]  Local Civil Rule 41(b)(1)(A) also provides that "[a] civil action may be dismissed by the Court for lack of prosecution…[w]here no service of process has been made within 90 days after filing of the complaint."

Here, the Court gave Weston an extension of time until February 11, 2022 to serve the defendants.[13]  This extension meant that Weston had a total of 170 days from the filing of the Complaint (and 29 days from the issuance of the Order) to serve the defendants, providing Weston with "an appropriate period" to serve within the meaning of Rule 4(m).  Yet to date, no proof of service on the defendants has been filed into the record.  Further, Weston has not provided the Court with any explanation for its non-compliance, nor sought additional time, even though the Court warned Weston that failure to timely comply could result in the dismissal of the case.[14]

Sufficient time has passed for Weston to locate a current address for these defendants and to effect service.[15]  Weston's failure to effectuate service on the defendants for more than two years suggests that it was not diligently attempting to remedy this defect or to prosecute this case.  Considering these circumstances, as well as the fact that Weston is represented by counsel, the Court finds no reason to re-visit the question of whether good cause may support any additional

---

[10] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013), citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).
[11] *Id.*
[12] *Hunter v. Goodwill Industries*, No. 05-2698, 2006 WL 1968860, at *1 (E.D. La. July 13, 2006), citing *Thompson*, 91 F.3d at 21.
[13] R. Doc. 23.
[14] R. Doc. 23.
[15] *See, e.g., Hunter*, 2006 WL 1968860, at *2 (dismissing suit without prejudice where the plaintiff failed to timely serve for almost a year after suit was filed).

3

extension.[16] Weston's claims against Defendants Bobby Vaughn and Jennifer Miller will be dismissed without prejudice, *sua sponte*.

Accordingly,

**IT IS ORDERED** that, pursuant to Fed. R. Civ. P. 4(m) and Local Civil Rule 41(b)(1)(A), all claims of Plaintiff Weston Specialty Insurance Company against Bobby Vaughn and Jennifer Miller are **DISMISSED WITHOUT PREJUDICE** due to Weston's failure to timely effect service of process.

**IT IS FURTHER ORDERED** that Weston Specialty Insurance Company may seek reinstatement of its claims against Bobby Vaughn and Jennifer Miller within thirty days of this Order upon a showing of good cause.

Signed in Baton Rouge, Louisiana, March 11, 2024.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[16] This case does not require the application of a heightened standard to decide the propriety of dismissal because it does not appear that an attempt to refile suit would be time barred, as the case is an action on a contract (the interpretation of an insurance policy) likely subject to a liberative prescription of ten years. *See Millan v. USAA General Indem. Co.,* 546 F.3d 321, 325-26 (5th Cir. 2008). *See also* La. Civ. Code art. 3499 and *DePhillips v. Hospital Service District No. 1 of Tangipahoa Parish*, 2019-01496 (La. 7/9/20), 340 So.3d 817, 821.